UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GILMORE

    Plaintiff,

-v-

JACK TAEFF

    Defendant.
_____/

Case No.: 2:21-12628

Hon.

CHRISTIAN P. COLLIS (P54790)
ROBERT M. GIROUX (P47966)
GIROUX TRIAL ATTORNEYS P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
ccollis@greatmiattorneys.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANTHONY GILMORE, by his attorneys, Giroux Trial Attorneys, for his Complaint against the above-named Defendant, states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against Defendant Jack Taeff as a result of his actions involving his

K-9 Rico.

2. This court has jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b). The unlawful actions alleged in this Complaint took place within Monroe County, which is located within the Southern Division of the Eastern District of Michigan.

4. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

## **PARTIES**

5. The Plaintiff, Anthony Gilmore, is, and at all times relevant to this action was, a resident of the City of Toledo, County of Lucas, State of Ohio.

6. Upon information and belief, Defendant, Jack Taeff, is a citizen of the State of Michigan and was, at all times relevant to this action, employed as a trooper by the Michigan Department of State Police for the County of Monroe.

7. On December 11, 2018, at the time of the events alleged in this Complaint, Defendant, Jack Taeff, was at all times acting in his individual capacity within the course and scope of his employment as a Michigan State Police Trooper and under color of law.

## FACTUAL ALLEGATIONS

8. On or about December 11, 2018, Plaintiff, Anthony Gilmore, was waiting for his girlfriend to pick him up from the grocery store after they had engaged in an altercation at her home.

9. Plaintiff became weary of the situation and wandered into a nearby field while he waited for his girlfriend to pick him up and take him home..

10. Lights were shining into the field and Plaintiff recognized a Michigan State Police vehicle as well.

11. Plaintiff began to hear the troopers talking but was unsure why they were present so he stayed where he was.

12. While Plaintiff was crouched down he was attacked by a dog that was on a leash and controlled by defendant, Jack Taeff.

13. The dog latched onto Plaintiff's throat and also bit his fingers when Plaintiff attempted to pry the dog's mouth off of his neck.

14. As Plaintiff was in the grasp of the dog's mouth, Defendant failed to control his K-9 allowing the dog to continue to inflict excessive force, therefore, allowing the dog to cause severe injuries.

15. Once the dog finally unlatched from Plaintiff the troopers proceeded to arrest Plaintiff. Given the significant injury, the troopers eventually called an ambulance, who immediately transported Plaintiff to St. Vincent's Hospital in

Toledo, Ohio.

16. At the time of the incident, there were at least two (2) law enforcement officers present at the scene.

17. Defendant did not observe Plaintiff commit any violent felony or crime at any time prior to or during the brutal, unjustified physical attack on Plaintiff by the K-9 unit.

18. Plaintiff did not have a weapon or displayed any object that appeared to be a weapon at any time prior to or during the brutal, unjustified physical attack on Plaintiff by the K-9 unit.

19. Plaintiff did not, in any way, threaten the Defendant at any time prior prior to or during the brutal, unjustified physical attack on Plaintiff by the K-9 unit.

20. Plaintiff did not pose an immediate threat of harm to the Defendant or any other person in the immediate vicinity at any time prior to or during the brutal, unjustified physical attack on Plaintiff by the K-9 unit.

21. Plaintiff did not pose any realistic likelihood of flight at any time prior to or during the brutal, unjustified physical attack on Plaintiff by the K-9 unit.

22. Defendant did not have a justifiable reason to use the force that they deployed at any time prior to or during the brutal, unjustified physical attack on Plaintiff by the K-9 unit.

23. As a direct and proximate result of the wrongful acts and omissions of

Defendant, Plaintiff sustained severe and permanent injuries, including but not limited to injuries to his neck, ear and fingers.

### COUNT I - 42 U.S.C. 1983 - VIOLATION OF THE FOURTH AMENDMENT

24. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

25. At all times relevant, Plaintiff had a clearly established right to be free from unlawful search, unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

26. At all times relevant, as Michigan State Troopers acting under color of law, Defendants were required to obey the laws of the United States, including those laws identified under the Fourth Amendment to the United States Constitution.

27. In violation of Plaintiff's clearly established constitutionally-protected rights under the Fourth Amendment to the United States Constitution, Defendants subjected Plaintiff to an unreasonable search and seizure and employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting horrendous personal injuries upon Plaintiff.

28. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

29. The conduct of Defendant was, and remains, extreme and outrageous, subjecting Defendant to punitive damages.

30. As a direct and proximate result of Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Severe emotional distress;

    d. Fright and shock;

    e. Denial of social pleasures and enjoyment;

    f. Humiliation or mortification;

    g. Reasonable medical bills and expenses for the past, present and future;

    h. Punitive damages;

    i. Exemplary damages; and

j. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, Anthony Gilmore, respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

Respectfully submitted,

/s/*Christian P. Collis*
CHRISTIAN P. COLLIS (P54790)
ROBERT M. GIROUX (P47966)
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
ccollis@greatmiattorneys.com

Date: November 9, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GILMORE

    Plaintiff,                                        Case No.: 2:21-12628

-v-                                                                      Hon.

JACK TAEFF

    Defendant.
_____/

CHRISTIAN P. COLLIS (P54790)
ROBERT M. GIROUX (P47966)
GIROUX TRIAL ATTORNEYS P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
ccollis@greatmiattorneys.com
_____/

## **JURY DEMAND**

      Plaintiff, Anthony Gilmore, through his attorneys, Giroux Trial Attorneys hereby demands Trial by Jury in this matter.

                                                                          Respectfully submitted,

                                                                      /s/*Christian P. Collis*
                                                                       CHRISTIAN C. COLLIS (P-54790)
                                                                       ROBERT M. GIROUX (P-47966)
                                                                       Attorneys for Plaintiff
                                                                       28588 Northwestern Hwy, Suite 100
                                                                       Southfield, MI 48034
                                                                       (248) 531-8665

Dated: November 9, 2021                 ccollis@greatmiattorneys.com